# United States District Court

## DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

EDDY LORA, a.k.a Luis Perry

**Criminal Complaint**

CASE NUMBER: 06- 127M

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about __November 1, 2006__ in __New Castle__ County, in the District of Delaware, defendant, an alien, was found in the United States, after previously being deported to the Dominican Republic subsequent to an aggravated felony conviction, and prior to his reembarkation at a place outside the United States neither the United States Attorney General nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to defendant's reapplying for admission to the United States

in violation of Title _____8_____ United States Code, Section(s) __1326(a) & (b)(2)__ _____.

I further state that I am a(n) __Special Agent, Department of Homeland Security, ICE__ and that this complaint is based
Official Title

on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:     Yes X

_____
Signature of Complainant
William O. Horn
Special Agent, ICE

Sworn to before me and subscribed in my presence,

__November 2, 2006__ at __Wilmington, DE__
Date                                          City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                _____
Name & Title of Judicial Officer              Signature of Judicial Officer

**AFFIDAVIT**

I, William O. Horn, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Bureau of Immigration & Customs Enforcement (ICE), Dover, Delaware. I have been employed as a Special Agent since October 1, 1997, when I was employed by the Immigration and Naturalization Service (INS). The INS was transferred to the U.S. Department of Homeland Security as the Bureau of Immigration & Customs Enforcement in March 2003.

2. This investigation is based on information provided by State of Delaware government agencies, INS/ICE records, and my own observations and interviews.

3. On November 01, 2006, ICE Wilmington received notification from the New Castle County Police Department that Luis PERRY was in custody at their headquarters, within the jurisdiction of the District of Delaware, and that a fingerprint check had revealed him to be an alien previously removed from the United States.

4. On November 01, 2006, your affiant advised Luis PERRY of his rights and interviewed him at the ICE office in Dover, DE, where he advised your affiant that his true and correct name was Eddy LORA, that he is a citizen of the Dominican Republic and that he had previously been removed from the United States. When asked, Eddy LORA stated that he had been removed from the United States in 2000 or 2001. He stated that he had not requested or obtained permission to reapply for admission to the United States.

5. Eddy LORA admitted that he had pled guilty in New York on March 09, 1999 to two counts of Criminal Sale of a Controlled Substance Third Degree, which is a Class B Felony. He was sentenced to one to three years' incarceration on each of those charges, to be served consecutively. These convictions constitute convictions for an Aggravated Felony as defined in 8 USC 1101(a)(43)(B).

6. On November 01, 2006, Eddy LORA was fingerprinted on an Integrated Automated Fingerprint Identification System (IAFIS) machine, and those fingerprints matched those of Eddie LORA, born in the Dominican Republic, A75 923 041, FBI Number 628842FB6. That record is in the name of Luis PERRY and references Eddie LORA as an alias. The record shows that Luis PERRY, a.k.a. Eddie LORA, was convicted on March 09, 1999 of two counts of Criminal Sale of a Controlled Substance.

7. Your affiant has reviewed the alien file, A75 939 913, relating to Eddie LORA, and found that the file contains an executed Form I-205, showing that he was removed from the United States to the Dominican Republic on February 28, 2000 from New York City. Your affiant found no evidence of any filings for permission to reapply for admission to reenter the United States after having been removed.

8. In addition, the alien file contains a photograph of the individual removed from the United States on February 28, 2000 under the name of Eddie LORA. Based upon a visual comparison

between the alien and the photograph in the alien file, your affiant can assert that the photograph is a photograph of Eddie LORA, arrested by your affiant on November 01, 2006.


WHEREFORE, your affiant avers there is probable cause to believe that Eddie LORA, a citizen and national of the Dominican Republic, was previously removed by INS to the Dominican Republic on February 28, 2000, and that, prior to his reembarkation at a place outside the United States, neither the United States Attorney General nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, 1326(a) & (b)(2).


William O. Horn
Special Agent
U.S. Immigration & Customs Enforcement